UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JASON CASIANO,
      Petitioner,

v.

DEPARTMENT OF CORRECTION,
      Respondent.

PRISONER
Case No. 3:08-CV-745 (RNC)

## RULING AND ORDER

In February 1997, petitioner pleaded nolo contendere to felony murder, attempted robbery, and conspiracy to commit robbery and was sentenced to a total effective prison term of fifty years. In April of this year, he filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] In July, the action was dismissed as time-barred under the one-year statute of limitations established by the Anti-terrorism and Effective Death Penalty Act. See 28 U.S.C. § 2244(d)(1). No certificate of appealability issued. Petitioner has requested reconsideration of the dismissal as well as leave to proceed in forma pauperis on appeal and appointment of appellate counsel. For the reasons that follow, his requests are denied.

Petitioner argues that the time between November 3, 2003 (the deadline for filing a timely petition for certification to appeal the denial of his first state habeas petition) and August

---

[1] The petition was received by the Clerk on May 15, 2008, but is deemed filed as of April 8, 2008, the day petitioner allegedly signed it and gave it to prison personnel for mailing.

15, 2007 (the deadline for seeking certiorari following the Connecticut Supreme Court's denial of his late petition for certification to appeal) does not count toward the limitation period. His theory appears to be that his first state habeas petition remained "pending" for the purpose of statutory tolling under 28 U.S.C. § 2244(d)(2) until the Connecticut Supreme Court denied the petition for certification to appeal. Clearly, however, the first state habeas petition was no longer pending after November 3, 2003, when the time for filing a timely petition for certification to appeal expired.[2]

Petitioner also argues that he is entitled to equitable tolling. To obtain equitable tolling, petitioner must demonstrate that he acted with due diligence but was prevented by extraordinary circumstances from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner has not made this showing. Even assuming his first federal petition was filed in a timely manner, it was dismissed on February 22, 2006, for failure to fully exhaust state remedies. See Casiano v. State Jail/Prison DOC Warden, 3:04-CV-1612(JCH), 2006 WL

---

[2] To hold otherwise "would turn § 2244(d)(2) into a de facto extension mechanism, quite contrary to the purpose of AEDPA, and open the door to abusive delay." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005)("a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception").

2

463137,at *3 )(D. Conn. Feb. 22, 2006).³ As of that date, petitioner should have realized that he would not be able to proceed in federal court unless he promptly filed a petition for certification to appeal the denial of his first state habeas petition, and promptly refiled his federal petition after fully exhausting the state process. See Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)(when federal court stays mixed petition, prisoner should pursue state remedies within a brief interval, normally 30 days, and return to federal court within a similarly brief interval after exhausting state remedies).⁴ In fact, the petition for certification to appeal was not filed until approximately one year later and, after it was denied, nearly another full year elapsed before the present petition was submitted. Petitioner alleges that his state public defender was reluctant to file the petition for certification to appeal. This does not justify equitable tolling. See Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004)(attorney incompetence insufficient for equitable tolling unless petitioner demonstrates "that he himself

---

³ Judge Hall did not employ the stay and abeyance procedure used to avoid prejudicing prisoners when dismissal of a mixed petition would render a subsequent federal petition untimely because the petition contained only unexhausted claims. See Casiano, 2006 WL 463137, at *2.

⁴ In connection with the motion to dismiss the first federal petition, the Office of the State's Attorney pointed out that petitioner could file a motion for permission to file a late appeal, which was the only step necessary for him to exhaust the state habeas process. Resp't Mem. Supp. Mot. to Dismiss, p. 5, n.3 (Aug. 22, 2005).

made reasonably diligent attempts to ensure that his petition was filed on time").[5] Moreover, petitioner offers no justification for failing to promptly refile this petition after his petition for certification to appeal was denied.[6]

Accordingly, petitioner's requests for reconsideration, leave to appeal in forma pauperis and appointment of appellate counsel are hereby denied. A certificate of appealability for this ruling is also denied.

So ordered this 12th day of September 2008.

/s/ RNC
Robert N. Chatigny
United States District Judge

---

[5] For equitable tolling to apply as a result of attorney error, the error must be sufficiently egregious to qualify as "extraordinary." Baldayaque v. United States, 338 F.3d 145,152-53 (2d Cir. 2003) (attorney's actions in ignoring client's specific requests, failing to do adequate research, and meet or speak with client were extraordinary). The acts and omissions alleged by petitioner do not appear to satisfy this standard. See Smaldone v. Senkowski, 273 F.3d 133 (2d Cir. 2001) (attorney's advice to client that one-year limitations period was "reset" after state habeas court's decision did not justify equitable tolling); Geraci v. Senkowski, 211 F.3d 6 (2d Cir. 2000) (mistake by counsel as to calculation of time remaining to file petition did not justify equitable tolling). In the absence of a showing that petitioner has acted with due diligence, however, it is unnecessary to delve into his allegations concerning the conduct of his counsel.

[6] Before filing the petition for certification to appeal, petitioner filed a second state habeas petition. The second state habeas petition does not help petitioner overcome the statute of limitations because, even assuming the second petition triggered statutory tolling, it was voluntarily withdrawn in August 2007, more than seven months before petitioner commenced the present action.

4